1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10
11
12   HUGO A. GONZALEZ,              )        No. CV11-9467-CW
                                    )
13              Petitioner,         )        ORDER GRANTING MOTION TO DISMISS
                                    )        PETITION FOR WRIT OF HABEAS CORPUS
14         v.                       )        BY A PERSON IN STATE CUSTODY
                                    )
15   SUSAN L. HUBBARD (Warden),     )
                                    )
16              Respondent.         )
     _____)

17

18        The parties have consented under 28 U.S.C. § 636(c) to the

19   jurisdiction of the undersigned magistrate judge. For reasons stated

20   below, the court finds that this action should be dismissed, with

21   prejudice, as time-barred.

22                          **<u>BACKGROUND</u>**

23        <u>Pro se</u> petitioner is a prisoner in state custody pursuant to a

24   conviction in California Superior Court, Los Angeles County, Case No.

25   BA336027. On September 15, 2008, the jury in that case convicted

26   Petitioner of six counts of second-degree robbery, and made true

27

28

                                     1

findings on various enhancement allegations. [See Lodg.[1] 1, 2, 3.] On November 6, 2008, Petitioner was sentenced in accordance with California's "Three Strikes" law (Cal. Penal Code sections 667(b)-(i), 1170.12(a)-(d)) to a total prison term of twenty-seven years and four months. [Lodg. 4, 5.]

Petitioner appealed. On August 4, 2009, Petitioner's appointed appellate counsel submitted an opening brief pursuant to People v. Wende, 25 Cal. 3d 436, 441, 158 Cal. Rptr. 839 (1979), requesting that the appellate court independently review the record for errors. [Lodg. 6.] On August 13, 2009, in accordance with instructions of the court [Lodg. 7], Petitioner personally submitted a letter to the appellate court raising a discovery claim. [Lodg. 9.]

On December 7, 2009, the state appellate court affirmed the conviction and sentence in a reasoned, unpublished decision. [Lodg. 10.] It appears from the record before this court that Petitioner did not submit a petition for review to the state supreme court. [See Petition at 3; MTD, Memorandum of Points and Authorities at 1.]

On May 26, 2011, Petitioner submitted an entirely unexhausted federal petition for writ of habeas to this court. [See case no. CV 11-4563-DOC(CW), docket no. 1.] On June 16, 2011, while that matter was pending, Petitioner submitted a habeas petition for filing in the state supreme court. [Lodg. 11.] He then asked this court to stay the federal petition pending resolution of the state matter, stating that he had been unaware of the exhaustion requirement. [See case no. CV11-

---

[1] Respondent lodged relevant state-court documents along with a Motion to Dismiss Petition for Writ of Habeas Corpus ("MTD"). [See Notice of Lodging, docket no. 7.] The documents are referred to as "Lodg.," followed by their lodgment number.

1   4563-DOC(CW), docket no. 8, filed June 23, 2011.] On August 10, 2011,
2   the stay request was denied, and the federal petition dismissed
3   without prejudice in accordance with <u>Raspberry v. Garcia</u>, 448 F.3d
4   1150, 1154 (9th Cir. 2006)("District courts have the discretion to
5   hold a mixed petition in abeyance pending exhaustion of the
6   unexhausted claims. <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528,
7   1535, 161 L. Ed. 2d 440 (2005). We decline to extend that rule to the
8   situation where the original habeas petition contained only
9   unexhausted claims, but the record shows that there were exhausted
10  claims that could have been included."). [<u>See</u> <u>id.</u>, docket nos. 9, 10.]
11      On October 26, 2011, Petitioner's state habeas petition was
12  summarily denied. [Lodg. 12.]
13      On November 4, 2011, Petitioner submitted this petition. [Docket
14  no. 1.] On December 12, 2011, Respondent filed a motion to dismiss the
15  petition as time-barred. [Docket no. 6.] In a minute order dated
16  December 13, 2011, the court advised petitioner with respect to the
17  statute of limitations and his options. [Docket no. 10.] After one
18  extension of time was granted, Petitioner's response was due on or
19  before February 13, 2012 [<u>see</u> docket no. 12]; no reply has been filed.
20  The motion to dismiss is therefore ready for decision.
21                    **<u>STATUTE OF LIMITATIONS</u>**
22      An application for federal habeas corpus relief on behalf of a
23  person in custody pursuant to a state court judgment, filed after
24  enactment of the Antiterrorism and Effective Death Penalty Act
25  ("AEDPA") on April 24, 1996, is subject to the one-year statute of
26  limitations codified at 28 U.S.C. § 2244(d). <u>See</u> <u>Duncan v. Walker</u>,
27  533 U.S. 167, 176, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001); <u>Lindh v.</u>
28  <u>Murphy</u>, 521 U.S. 320, 326-27, 117 S. Ct. 2059, 138 L. Ed. 2d 481

                                      3

(1997); <u>Wixom v. Washington</u>, 264 F.3d 894, 895 (9th Cir. 2001).

The limitation period is calculated in light of Fed. R. Civ. P. 6(a).[2] <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-46 (9th Cir. 2001). Under the "prison mailbox rule" of <u>Houston v. Lack</u>, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), a document may be construed as filed on the date it was submitted to prison authorities for mailing. To benefit from this rule, a petitioner must be a prisoner, acting without assistance of counsel, and the document must have been delivered to prison authorities within the limitation period. <u>See</u> <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th Cir. 2003).[3]

For petitioners, like the Petitioner here, whose convictions became final after AEDPA's enactment, the one-year limitation period begins running from the latest of four alternative dates:

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[4];

---

[2]  "In computing any period of time . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, . . ." Fed. R. Civ. P. 6(a).

[3]  The "mailbox rule" applies even if prison authorities never delivered the document for filing, so long as the petitioner diligently followed up on the matter within a reasonable time.  <u>See</u> <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222-23 (9th Cir. 2001).

[4]  For an example of a government-created impediment to filing, under 28 U.S.C. § 2244(d)(1)(B), <u>see</u> <u>Whalem/Hunt v. Early</u>, 223 F.3d 1146, 1148 (9th Cir. 2000)(en banc)(prison law library did not have
(continued...)

4

1
2

(C)  the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

3
4

(D)  the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.[5]

5
6

28 U.S.C. § 2244(d)(1).

7      Under 28 U.S.C. § 2244(d)(1)(A), a judgment may become final in

8   one of several ways. If the highest state court denied relief on

9   direct review, and the petitioner filed a petition for writ of

10  certiorari in the United States Supreme Court, the judgment becomes

11  final when the Supreme Court issues a decision or ruling. Wixom v.

12  Washington, 264 F.3d at 897. If the highest state court denied relief

13  on direct review, and the petitioner did not file a certiorari

14  petition, the judgment becomes final when the deadline for filing such

15  a petition expires, i.e., ninety days after the state court's

16  decision.  Id.  If the petitioner did not seek direct review from the

17  highest state court, the judgment becomes final when the time for

18  seeking such review expires, as determined by state law.  Id. at 898.

19     Under 28 U.S.C. § 2244(d)(2), the running of the one-year

20  limitation period may be tolled while a "properly filed application

21  for State post-conviction or other collateral review with respect to

22

23      [4]  (...continued)

24  any legal materials on AEPDA).  For a contrary example, see Majoy v.
    Roe, 296 F.3d 770, 776 n.3 (9th Cir. 2002)(separate trial of co-

25  defendants did not create impediment to filing).

26      [5]  Under 28 U.S.C. § 2244(d)(1)(D), the limitation period begins
    running from the date a petitioner knew (or, with due diligence, could

27  have known) the material facts on which a claim is predicated, not the
    date on which the petitioner understood the legal significance of the

28  facts.  Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

the pertinent judgment or claim is pending."  A petitioner is not
entitled to such "statutory tolling" based on a prior habeas corpus
petition or other application for collateral relief in federal court.
See Duncan v. Walker, 533 U.S. at 181-82. Tolling does not apply to a
period between the end of direct review and the beginning of state
collateral review, see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.
1999), nor does it apply between the end of state collateral
proceedings and the filing of a federal habeas proceeding, see Roy v.
Lambert, 465 F.3d 964, 968 (9th Cir. 2006)(superceding 455 F.3d 945).
Furthermore, the tolling provision does not restart the running of the
limitations period if it expired before state collateral review began.
See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Green v.
White, 223 F.3d 1001, 1003 (9th Cir. 2000).

     Statutory tolling covers the time during which a properly filed
state collateral proceeding was "pending" before the state court.[6]  A
state collateral proceeding is "pending" either while it is actually
before one state court or during a "gap" between one state court's
decision and the proper filing of a timely application in a higher
state court.  Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846, 849, 163
L. Ed. 2d 684 (2006); Carey v. Saffold, 536 U.S. 214, 219-21, 122 S.
Ct. 2134, 153 L. Ed. 2d 260 (2002).  In California habeas proceedings,
after a lower court denies a habeas petition, the next proper step is
filing a new habeas petition (rather than an appeal) in a higher
court, and the new petition is timely if filed within a "reasonable

---

     [6]  A petitioner is not entitled to statutory tolling based on an
application for state collateral review that was not "properly filed."
See Pace v. Diguglielmo, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d
669 (2005).

1   time." Evans, 126 S. Ct. at 849.  If the state court has not

2   explicitly indicated that a later petition was or was not timely, the

3   reviewing federal court must decide whether the gap between the two

4   state petitions was reasonable.  Id. at 850-54.  In this context, the

5   Evans Court found "an unjustified or unexplained" filing delay of six

6   months to be unreasonable.  Id. at 854.

7        The limitations period may also be subject to equitable tolling,

8   but only if the petitioner acted diligently and extraordinary

9   circumstances beyond the petitioner's control made timely filing

10  impossible. See Pace v. DiGuglielmo, 544 U.S. 408 at 418; Roy v.

11  Lambert, 465 F.3d at 969; Fail v. Hubbard, 315 F.3d 1059, 1061-62 (9th

12  Cir. 2002). "[T]he threshold necessary to trigger equitable tolling

13  [under AEDPA] is very high, lest the exceptions swallow the rule," and

14  a petitioner "bears the burden of showing that this extraordinary

15  exclusion should apply to him." Spitsyn v. Moore, 345 F.3d 796, 799

16  (9th Cir. 2003)(quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th

17  Cir. 2002)).

18                    **APPLICATION TO PETITIONER'S CASE**

19       In Petitioner's case, the record does not support a starting date

20  for the statutory period based on 28 U.S.C. § 2244(d)(1)(B)-(D).[7]  For

21  purposes of 28 U.S.C. § 2244(d)(1)(A), Petitioner's conviction became

22  final on January 16, 2010, when he failed to file a petition for

23  review with the state supreme court within forty days of the

24  California Court of Appeal's denial of his direct appeal. See Cal. R.

25

26  _____

27       [7] Petitioner raises two claims for federal habeas relief,
    challenging whether his prior convictions properly support an enhanced
    sentence under California's Three Strikes law and the legitimacy of
28  the sentence enhancements. [See Petition at 5.]

1   Ct. 8.500(e)(1), 8.366(b).  Therefore, unless tolling applied, the

2   statutory period expired one year later, on January 17, 2011, well

3   before November 4, 2011, the earliest date on which the present

4   petition may be construed as filed.[8]

5       The record does not suggest any period of statutory tolling under

6   28 U.S.C. § 2244(d)(2). Petitioner's state habeas petition was not

7   filed until June 16, 2011, long after the one-year limitation period

8   expired, and, consequently, it did not toll or reinitiate the

9   limitations period. Nor does the record suggest that any extraordinary

10  circumstances beyond Petitioner's control would justify equitable

11  tolling. See, e.g., Raspberry v. Garcia, 448 F.3d at 1154 (a

12  petitioner's claims of ignorance of the law, lack of education, or

13  illiteracy are not grounds for equitable tolling).

14      The instant petition is therefore untimely and should be

15  dismissed with prejudice.

                                **ORDERS**

17      Accordingly, **it is ORDERED that**:

18  1.  Respondent's motion to dismiss (docket no. 6, filed December 12,

19      2011) is **GRANTED**.

20  2.  The petition is **DISMISSED**, with prejudice, as time-barred.

21  3.  The Clerk of the Court shall serve this Decision and Order and

22  the Judgment herein on all parties or counsel.

23  DATED: March 15, 2012

24                                      _Carla M. Woehrle_

25                                      CARLA M. WOEHRLE
                                        United States Magistrate Judge

26

27  _____

28      [8]  Thus, Petitioner's prior federal habeas petition, filed on May
    26, 2011, in case no. CV11-4563-DOC(CW), would also have been
    untimely.

                                    8